IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DENESE DICE et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 20-2603-KHV |
| | ) | |
| **ETHICON, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**ORDER OF APPOINTMENT**

On February 19, 2021, in light of necessary COVID-19 precautions, the Court ordered that the trial set for May 3, 2021 be held by Zoom remote technology. Order Directing Jury Trial By Videoconference (Doc. #159). On January 28, 2021, the Court entered an Order Setting Pretrial Filing Deadlines And Order To Show Cause (Doc. #117) noting the complex and technical nature of Zoom trials and proposing to appoint a special master to perform those responsibilities, and others, attendant to use of the Zoom platform before, throughout and after trial. The Court directed the parties to show cause why the Court should not appoint a special master to work with the Court to manage, administer and oversee the Court's Zoom account and other technological aspects of the trial related to Zoom. The Court also stated that the parties could provide suggestions regarding person(s) to be named as special master. Finally, the Court required that any objecting party present "a detailed plan for who shall provide constant monitoring of the Zoom platform throughout its utilization during trial, who shall coordinate with judicial personnel, who shall maintain technical and administrative control over the Court's Zoom account, and who may travel in the course of performing such duties." Order (Doc. #117).

While plaintiff consented, defendant objected to the appointment of a special master. See

Response (Doc. #122).

Defendants' objections are strategically framed in a manner which seems intended to defeat the prospect of a Zoom trial, rather than to constructively participate in a thoughtful decision of how a Zoom trial will occur. The Court nonetheless addresses them in turn.

**I.     Surgery**

Defendants argue that trial should not proceed by Zoom because trial may need to be delayed for additional discovery due to a possible revision surgery. Id. at 3–4. Defendants argue that if trial is delayed, it should proceed in person. Id. As the Court noted in its Notice of March 3, the Court does not expect that trial will be delayed, even if plaintiff undergoes a revision surgery. Notice (Doc. #175). Therefore, the Court sees no need to delay appointing a special master. If trial is substantially delayed, the Court may revisit the matter of an in-person trial.

**II.    Mock Trial**

Defendants argue that they should not be required to pay the expense of a mock trial "for a Zoom trial that should not occur." Response (Doc. #122) at 4. This objection is moot because the Court has already crossed that bridge. Order (Doc. #159).

**III.   Special Master**

Defendants object that Rule 53, Fed. R. Civ. P., does not authorize the appointment of a special master over their objection. Response (Doc. #122) at 5–6. Under Rule 53(a)(1)(B), however, the Court may appoint a special master to hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by "some exceptional condition." Fed. R. Civ. P. 53(a)(1)(B)(i). Also, under Rule 53(a)(1)(C), the Court may appoint a special master to address pretrial and posttrial matters that cannot be effectively and timely addressed by an available judge. Fed. R. Civ. P. 53(a)(1)(C).

Here, the special master would hold, but not preside over, trial proceedings. Given defendants' objections and the cutting-edge nature of the Zoom trial format, the Court may need to make factual findings at some point to report on how it conducted each aspect of the trial; how it enforced ethical responsibilities; how jurors, counsel, parties and court personnel discharged their duties; whether the parties' concerns were adequately addressed; and other administrative matters regarding the integrity of the trial process. See Fed. R. Civ. P. 53(a)(1)(B).[1]

The COVID-19 pandemic is an exceptional circumstance that gives the judiciary two options: (1) halt civil jury trials until the pandemic has ended; or (2) adapt to exceptional circumstances. As previously noted, this case is long overdue for trial. Rule 53 was adopted in 1937, and while it has been periodically amended, it seems safe to say that the drafters did not craft Rule 53 with the specific intent of authorizing special masters to be appointed to administer Zoom-format jury trials. Rule 1 drives the Court's interpretation of Rule 53 in this situation. Rule 1 states the Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1. The Court has already ordered trial to proceed in the Zoom format and finds that appointing a special master in this circumstance is necessary to ensure a just, speedy and inexpensive determination of this action.

This case was filed in 2013 and has been ready for trial since November of 2020. Further delay, when a suitable alternative is available, is not speedy or just. Moreover, even with the added cost of a special master, a virtual trial will be significantly less expensive than the cost of flying multiple parties, witnesses, experts, staff and attorneys to Kansas City and compensating them for

---

[1] While defendants do not argue that the COVID-19 pandemic is not an "exceptional condition" under Rule 53, the Court notes, for the reasons enumerated in the Order Directing Jury Trial By Videoconference (Doc. #159) that the COVID-19 pandemic is exceptional and unprecedented.

time and travel expenses. In fact, no party has suggested that the projected cost of a special master will be greater than—or remotely equal to—the cost of an in-person trial.

A special master is necessary for the virtual trial to be just. The special master will ensure that all parties have adequate technology and that their devices are optimized for a virtual trial; predict and resolve issues that may not be readily apparent so that trial will be as free from technological distraction as possible; and avoid significant delays—and, in turn, greater costs—because attorneys or witnesses do not have proper bandwidth, technology or training to participate in a virtual trial. While the Court was willing to consider trial without a special master, the parties have not shown that they are prepared to conduct a virtual trial without such assistance. See Order To Show Cause (Doc. #117) (admonishing any party who objects to the appointment of a special master to provide an alternative detailed plan); Response (Doc. #122) (defendants objecting and failing to respond with an alternative detailed plan).

Defendants argue that the COVID-19 pandemic and the associated restrictions are not "compelling circumstances" to require remote testimony under Rule 43. Response (Doc. #122) at 6. Defendants also object to paying for the "appropriate safeguards" required for remote testimony under Rule 43.[2] Id. The Court has previously addressed its authority to allow virtual testimony under Rule 43. Order Directing Trial By Videoconference (Doc. #159). Thus, these objections are moot. Moreover, it is unclear what that these objections have to do with appointment of a special master.

### IV.   Compensation

Defendants object to paying for a special master, arguing that it is the equivalent of

---

[2] This objection is unclear. The Court is supplying the Zoom platform, the procedures under which witnesses' testimony will take place so that no undue influence is allowed and will swear in witnesses. Insofar as this is an objection to paying for a special master, this objection is addressed in Section IV infra.

requiring defendants to pay the cost of opening the courthouse for an in-person trial.[3]  Response (Doc. #122) at 6–7.  Defendants' argument reflects a misunderstanding of the purpose of a special master and the realities of a virtual trial.  The special master will not simply unlock the courthouse door by sending a Zoom link to a virtual courtroom.  Rather, the special master will ensure that the trial experience is a smooth one for all parties; protect the integrity of the judicial process before, during and after the trial; and be prepared to make factual findings to document the technological format from beginning to end.

Moreover, defendants have had ample opportunity to provide an alternative procedure under which a special master would be unnecessary.  Indeed, defendants have ignored the Court's directive to provide a detailed alternative plan of how trial should be conducted in these exceptional circumstances.  Despite the Court's order that any party who objects to the appointment of a special master provide an alternative detailed plan, defendants have provided no plan.  Order (Doc. #117).

Defendants' failure to provide a detailed plan for a Zoom trial underscores the necessity of having a special master assist the Court in conducting this trial.  Hosting a Zoom jury trial involves much more than simply sending out a link.  Witnesses, attorneys and jurors must all have their "tech checks;" individual breakout rooms must be created; the proper people must be moved in and out of breakout rooms with each sidebar or break; someone must troubleshoot all issues that come up; and, if necessary for purposes of appeal or otherwise, someone must be prepared to document the entire process after the fact.  A special master can make suggestions to parties about camera positions and backgrounds that the Court cannot comfortably make, or make without

---

[3]     Defendants also argue that the Court cannot assess fees for a special master because the Court can only assess fees which are provided for by statute.  Response (Doc. #122) at 7.  Rule 53, however, provides for the compensation of a special master.  See Fed. R. Civ. P. 53(g).

engaging in ex parte communications. Defendants offer no information as to who would coordinate with judicial personnel and no suggestion how the Court could avoid improper ex parte communications in ensuring that each party is technologically prepared and utilizing best practices for trial.

Defendants object to an even split of the cost of a special master because defendants want trial to occur in person, rather than by Zoom. Response (Doc. #122) at 7–8. Rule 53 states that the costs must be allocated considering "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3). This objection is moot because the Court has already ordered that the trial will be held remotely. Order (Doc. #159). If defendants were to appear in person on May 3, 2021, they would still need to log onto the Zoom platform, as nobody else would be in the courtroom. Here, no party is more responsible than other parties for the circumstances which require the appointment of a special master, i.e. the pandemic. See Fed. R. Civ. P. 53(g). Accordingly, the Court finds that the costs should be divided 50/50 between plaintiffs and defendants.

**V.   Appointment Of Special Master**

The Court appoints Prolumina as Special Master:

> Christian Tiedemann
> Prolumina
> 2200 Sixth Avenue, Suite 425
> Seattle, WA 98121
> 206-826-9943 tel
> E-Mail: ctiedemann@prolumina.net

This appointment is made pursuant to Fed. R. Civ. P. 53 and the inherent authority of the Court. As Rule 53 requires, the Court sets out below the duties and terms of the Special Master and reasons for appointment and orders the Special Master to "proceed with all reasonable

diligence." Fed. R. Civ. P. 53(b)(2).

## VI.    Rule 53(b)(2)

Rule 53 requires an order of appointment to include certain contents.  See Fed. R. Civ. P. 53(b)(2).  The following discussion sets forth the matters required.

### A.    Special Master's Duties

The Special Master's duties shall be to do the following:[4]

- Hold remote trial proceedings and make recommendations to the Court, counsel and the parties regarding best practices in using the Zoom platform.

- Work with counsel to help them satisfy technological requirements and optimize their trial presentation through the Zoom platform.

- Manage, administer and oversee the Court's Zoom account and other technological aspects of the trial related to Zoom.

- Constantly monitor the Zoom platform and document its utilization during trial.

- Maintain technical and administrative control over the Court's Zoom account in coordination with judicial personnel, at the Court's discretion.

- Make or recommend findings of fact regarding the feasibility and operation of the Zoom trial format, safeguards to ensure the integrity of the judicial process and discharge of duty by jurors, counsel, parties and court personnel, fees and expenses and such other subjects as the Court may request.

- Address technological, administrative and fact-finding matters that cannot be effectively and timely addressed by a district or magistrate judge.

### B.    Communications With The Parties And The Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances, if any, in which the [special master] may communicate ex parte with the court or a party."  The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice

---

[4] This list is meant to be illustrative, not comprehensive.  The Court may amend this Order to add additional duties.

to the parties, regarding logistics, the nature of his activities and other appropriate matters associated with managing, administering and overseeing the trial's Zoom account and other technological aspects of the trial related to Zoom. The Special Master may communicate ex parte with any party or their counsel, as the Special Master deems appropriate, for the purposes of ensuring the efficient administration, management and oversight of the trial's Zoom account and other technological aspects of the trial related to Zoom. The Special Master shall not communicate to the Court any substantive matter the Special Master learns during ex parte communications between the Special Master and any party.

### C.  Special Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the [special master's] activities." The Special Master shall maintain accurate records regarding the substance of the duties set forth in Section A and also normal billing records of time spent and expenses incurred in this matter, in order to calculate appropriate compensation.

### D.  Compensation

Rule 53(b)(2)(E) states that the Court must set forth "the basis, terms, and procedure for fixing the [special] master's compensation." See also Fed. R. Civ. P. 53(g) (addressing compensation). The Special Master shall be compensated at a rate of $175 per hour, with this cost split in equal parts among plaintiffs and defendants. The Special Master also shall be compensated for the following:

- Pre-trial logistics and coordination, including preparation for and participation in two mock trials, one of which will be held on April 7, 2021.

- All direct and necessary travel costs, at cost with no markup and with travel time billed door-to-door, including:
  - Transportation to/from originating airport or parking at originating airport

- Fully refundable airfare
- Rental car
- Hotel
- Per diem of $75 per person
- Any other reasonable and necessary travel-related costs

Three business days after the 1st and 15th of each month, the Special Master shall submit for Court approval a billing statement capturing all costs, fees, expenses and hours. With each billing statement submission, the Special Master shall provide copies of receipts for expenses. The billing statement shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines that the statement is regular and reasonable, the Court will sign it and transmit it to the parties. Within 14 calendar days of approval, the parties shall remit to the Special Master their proportionate shares of the compensation and reimbursement.

### E. The Record

Rule 53(b)(2)(D) states that the Court must set forth "the time limits, method of filing the record, other procedures, and standards for reviewing the [Special Master's] orders, findings, and recommendations." Fed. R. Civ. P. 53(b)(2)(D). The Special Master shall either (1) reduce any formal finding, report or recommendation to writing and file it electronically on the case docket via Electronic Case Filing ("ECF"); or (2) issue any formal finding, report or recommendation on the record before a court reporter. Pursuant to Rule 53(f)(2), any party may file an objection to a finding, report or recommendation by the Special Master within 21 days of the date it was filed; failure to meet this deadline results in permanent waiver of any objection to the Special Master's findings, reports or recommendations. Absent timely objection, the findings, reports and recommendations of the Special Master shall be deemed approved, accepted and ordered by the Court, unless the Court explicitly provides otherwise.

The Court shall review de novo all factual findings, reports and recommendations of the Special Master.  See Fed. R. Civ. P. 53(f)(3).  The parties must timely object pursuant to the Rules and within the 21 time period.  Failure to meet this deadline will result in permanent waiver of any objection to the Special Master's findings of fact.

### F.    Other Matters

#### 1.    Affidavit

Rule 53(b)(3)(A) notes that the Court may enter an order of appointment "only after the [special master] files an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455."  See also Rule 53(a)(2) (discussing grounds for disqualification).  The required affidavit is attached to this order.

#### 2.    Cooperation

The parties and their counsel, including their successors in office, agents and employees, shall provide full cooperation to the Special Master, and any staff or consultant employed by the special master.  Pursuant to Rule 53(c)(2), the Special Master may, if appropriate, "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty."  As an agent and officer of the Court, the Special Master (and those working at his direction) shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

#### 3.    Access To Information And Technology

The parties will make readily available to the Special Master all individuals, information and technology under their control necessary to fulfill the Special Master's functions under this Order.

-11-

**IT IS SO ORDERED.**

Dated this 4th day of March, 2021 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge