IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DENESE DICE et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 20-2603-KHV |
| | ) | |
| ETHICON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING TRIAL PROCEEDINGS

The Court orders that the jury trial scheduled to commence on May 3, 2021 at 9:00 a.m. be conducted using the following procedures and protocols.  The Final Pretrial Conference will take place by Zoom at 10:00 a.m. on April 30, 2021.  The Zoom invite will be distributed to counsel for use only by case-related participants.  Non-case-related participants can join this proceeding by dialing into the CONFERENCE LINE 1-888-363-4749 and entering the ACCESS CODE 1654737#.  Two dry runs of trial proceedings will take place: one at 9:30 a.m. on April 7, 2021 and the other at 9:30 a.m. on April 27, 2021.  For both dry runs, all parties (counsel, plaintiffs, defendants) are to participate from the locations in which they will be stationed during the trial. In addition, each side is to provide six mock jurors and a mock witness.  We will begin with calling the case and entry of appearances then run through jury selection and evidence presentation. Parties shall have test exhibits in various formats that they plan to use during trial, ready to pull up and share over the Zoom platform.

A.      **Remote / Virtual Trial Format**

1. The entire trial, including jury deliberations, will take place using the ZoomGov.com platform.  No parties, counsel, witnesses or jurors will be physically

present in the courthouse.  The Court will initially call a jury pool of 16 jurors and question them in two panels of eight potential jurors.  For each panel of jurors, each attorney will have one round of ten minutes to examine the panel.  After both rounds of questioning by the Court and counsel, the parties shall lodge any challenges for cause.  If such a challenge is sustained, a third panel will be called with as many potential jurors as there were successful challenges.  The process of questioning them will be the same as the first two panels.  Additional rounds of questioning will be held as necessary.

2. The public will have audio access to trial proceedings by calling (888) 363-4749, Access Code: 1654737#.  Except to participants, video access is not allowed.

3. The Court expects that witnesses and counsel addressing the Court will use a computer with an adequate camera and an external hardwired microphone with its own mute button, preferably a gooseneck microphone.  If witnesses and counsel addressing the Court decide to use headphones, they shall use a hardwired headset or wired earbuds.  The Court strongly recommends, but does not require, using a second monitor.

4. At all times when addressing the Court, counsel shall stand and shall be the only person visible in the Zoom frame.

5. All witnesses and counsel shall use the same background.  The background shall be a plain and solid neutral color.  Counsel shall agree on one background and ensure that their witnesses will use that background.  After jury selection, the Court will assign uniform backgrounds to all jurors.

6. Hours of jury trial will be 9:00 a.m. through 3:30 p.m., and the Court expects counsel to make maximum use of the jury's time during the trial day.  From 3:30 to 4:00 p.m. each day, the Court will confer with counsel about witnesses planned for the next trial day and take up objections to testimony or exhibits that the parties plan to offer.  The Court expects that the parties will make maximum use of this

opportunity to avoid objections and sidebars when the jury is present.  The Court will recess for lunch from noon to 1:00 p.m. each day, and take one 15-minute recess at 10:15 a.m.

7.  Counsel and parties must be logged into Zoom and standing by in the virtual waiting room 30 minutes before trial is set to begin on each day of trial.  The Special Master will promptly launch the trial session at the appointed time.  Tardiness will be extremely conspicuous.

8.  Each side shall have three peremptory challenges.

9.  In questioning prospective jurors, counsel shall not ask questions about possible jury instructions or jurors' opinions about what the law is or ought to be; attempt to indoctrinate or adjust the attitudes of potential jurors; argue the case; engage in efforts to educate or influence the jury pool; make special efforts to establish rapport with prospective jurors; question jurors about anticipated jury instructions or theories of law, or whether jurors agree with them; or allude to any matters which the Court has precluded in its rulings on the parties' motions in limine.

10. As part of the jury selection process, counsel should be prepared to briefly introduce themselves, say a few words about their law firm and legal practice, and introduce their clients.  Counsel should also be prepared to identify by name, city of residence and occupation each witness they intend to call, in the order in which they expect to call them.  Plaintiff will furnish this information to defense counsel **by 5:00 p.m. (CDT) on Friday, April 30, 2021,** so that in describing their own list, defendants may eliminate duplicates.

11. Before the presentation of evidence, the Court will give the jury preliminary instructions, including preliminary instructions on the law that it will apply on the substantive elements of all claims and defenses.

12. Counsel shall each have 25 minutes for opening statements.  Opening statements will occur immediately after the jury is selected and receives preliminary

instructions, if time permits.  Counsel should not expect an overnight recess in order to put finishing touches on their opening statements.

13. No demonstrative exhibits (charts, Power Point slides, models, etc.) shall be used in opening statements without agreement of opposing counsel or prior approval of the Court.

14. If counsel wishes to discuss any confidential matters with the Court, counsel must request a sidebar in a private Zoom breakout room because the virtual courtroom Zoom session is open to the public.

15. As the evidentiary phase of the trial is wrapping up, probably before it ends, the Court will conduct a jury instruction conference.  Instructions will be finalized in advance so that whenever the evidence concludes, the Court may move directly to instructing the jury.  After the jury is instructed, counsel will immediately do closing arguments.  Counsel should not expect to have an overnight recess to put finishing touches on their closing arguments.

16. The Court expects the parties to meet and confer with regard to objections to deposition testimony, and to exert every effort to resolve such objections prior to trial.

17. All stipulated trial exhibits which have been identified prior to trial and submitted to the Courtroom Deputy are deemed to be automatically admitted when mentioned by any witness during trial.

18. Before 5:00 p.m. on each day before trial, counsel shall notify opposing counsel of the order in which they plan to call witnesses for the following day, along with the exhibits that each witness will discuss.  As noted below, hard copies of such exhibits shall be presented to the witness before his or her testimony begins.

B.    **Preparation**

1. Counsel shall familiarize themselves with the ZoomGov.com and Box.com platforms by reviewing the tutorials located at

https://www.wawd.uscourts.gov/attorneys/remotehearings.   Counsel shall also familiarize themselves with the Special Master's best practices and suggested peripheral guides, attached to this Order.

2. Counsel shall ensure that they and each of their witnesses have the hardware, software, data bandwidth and Internet access required to participate remotely.  The minimum system requirements are posted at https://www.wawd.uscourts.gov/attorneys/remotehearings.

3. Counsel shall also ensure that they have one or more alternative means of communicating with their clients and witnesses, as well as with the Court, outside the ZoomGov.com platform (e.g., by cellular phone, text or email).

4. Counsel shall consider establishing a high-speed Internet connection (a hard-wired connection is generally preferable to a wireless Internet connection).  Counsel shall also consider whether others who require Internet usage during the proceedings might impact a participant's connection speed.

5. No later than **5:00 p.m. (CDT) on Wednesday, April 28, 2021**, parties and counsel must perform a technology check for all trial participants (including witnesses) with the Special Master.  Counsel are responsible for contacting the Special Master to perform the technology check.

**C.**     **Recording**

1. The Court will provide a court reporter for the trial.  No part of the trial may be reproduced, distributed or transmitted in any form or by any means, in whole or in part, by any participant (attorney, party, witness or juror) or public observer.  This prohibition includes any audio or video recording, photographs and/or screenshots. The parties and counsel shall ensure that each trial participant for whom they are responsible acknowledges and agrees to this prohibition.

**D.**     **Witnesses And Participants**

1. By no later than **3:00 p.m. (CDT) on Wednesday, April 21, 2021,** counsel shall

provide via email to (1) the Courtroom Deputy Andrea Schreyer (phone: 913-735-2305; email: KSD_Vratil_Chambers@ksd.uscourts.gov) and (2) the Special Master the following information for each party, attorney, paralegal, legal assistant, trial or technical consultant, and witness who will participate remotely:

- Name
- Email address
- Cell phone number
- Participant status (e.g., party, attorney, witness, etc.), including whether the participant should be allowed to participate in sidebar discussions

2. Prior to trial, the Courtroom Deputy will supply to counsel the links for the ZoomGov.com sessions.  Counsel is responsible for forwarding the links to other case-related participants, including witnesses, as appropriate.  Non-case-related participants (e.g., insurance representatives, relatives of the parties, interested persons) may NOT receive links to the ZoomGov.com sessions.  Members of the public may participate ONLY by calling the phone number listed above.  On the Friday before each week of trial, the Court will supply the ZoomGov.com link to be used throughout the upcoming week.

3. After using the link to access the ZoomGov.com session, participants will enter a virtual waiting room.  They will be admitted from the virtual waiting room into the virtual courtroom when appropriate.  Counsel are responsible for notifying witnesses when and how they will report to the virtual waiting room.  Witnesses shall report to the virtual waiting room no less than thirty minutes before the time of their anticipated testimony.

4. Participants who will not be examining witnesses, testifying or otherwise presenting matters during the proceedings (e.g., attorneys, paralegals, legal assistants, and trial or technical consultants) shall use the ZoomGov.com platform controls to mute their microphones and deactivate their cameras.

-6-

5.   During the virtual trial, each party and all jurors will be visible on video with microphones muted.

6.   Except through ZoomGov.com, counsel and witnesses are not to communicate through any device or method while the witness is testifying.   Counsel and the witness may not be in the same room or otherwise visible to one another except over the Zoom platform in court.

7.   Pursuant to Rule 615, Fed. R. Evid., the Court orders that witnesses who have not yet testified be prohibited from listening to testimony of other witnesses by audio transmission from the courthouse and watching or listening to Zoom proceedings of the trial prior to their testimony.   Witnesses who have already testified are prohibited from communicating with prospective witnesses about any testimony or proceedings in the trial.   Counsel are responsible for informing their witnesses of this order and enforcing it, and must promptly inform the Court of any violations. For purposes of this order, "communications" include all forms of face-to-face, electronic, verbal or internet communications.   This sequestration order does not apply to communications between attorneys and witnesses and/or parties.

8.   By no later than **5:00 p.m. (CDT) each evening of trial,** for Zoom admittance purposes counsel shall provide via email to (1) the Courtroom Deputy Andrea Schreyer (phone: 913-735-2305; email: KSD_Vratil_Chambers@ksd.uscourts.gov) and      (2) the Special Master Robert Ferguson (cell: 469-559-5568; email: rferguson@prolumina.net) a list of witnesses expected to be called the following day.

E.   <u>Exhibits</u>

1.   Exhibits must be numbered in advance of trial in accordance with the protocol set forth in the <u>Order Setting Pretrial Filing Deadlines And Order To Show Cause</u> (Doc. #117).

2.   The Court's Box.com account will be used to manage exhibits in lieu of the JERS

system described in the <u>Order Setting Pretrial Filing Deadlines And Order To Show Cause</u> (Doc. #117).  Please note the new procedure for providing electronic copies of exhibits to the Court.  Physical drives will not need to be delivered, but all electronic copies of exhibits must be uploaded to Box.com no later than 10 days before trial.  Exhibits will not be accepted after this deadline.

    a.    The Courtroom Deputy will provide by email to counsel one or more links at which all exhibits must be uploaded.

    b.    Exhibits as to which admissibility has been stipulated shall be uploaded to the Box.com folder labeled "Stipulated Exhibits."  Exhibits as to which admissibility is disputed shall be uploaded to the respective Box.com folders labeled "Plaintiffs' Proposed Exhibits" and "Defendants' Proposed Exhibits."

3. Counsel are responsible for keeping accurate records of what has been admitted. At the end of each day of trial, the Courtroom Deputy and counsel will meet and confer to confirm the record of admitted exhibits.  The Courtroom Deputy will transfer into the "Admitted Exhibits" folder any exhibits in the folders for "Stipulated Exhibits," "Plaintiffs' Proposed Exhibits" and "Defendants' Proposed Exhibits" that have been admitted into evidence.

4. After the close of evidence and before the jury begins deliberating, the Courtroom Deputy and counsel will confirm that the "Admitted Exhibits" folder in Box.com accurately reflects the evidence admitted during the course of trial.  During their deliberations, the jurors will be provided access to the Box.com folder for "Admitted Exhibits."  They will not have access to this folder prior to the start of deliberations.

5. The Court does not need hard copies of stipulated exhibits, but hard copies of all other exhibits shall be delivered to the Courtroom Deputy, Andrea Schreyer, at 500 State Avenue, Kansas City, KS 66101 by **4:00 p.m. (CDT) on Wednesday,**

**April 28, 2021**.  These exhibits shall be bound in three-ring notebooks and appropriately tabbed by exhibit number.

6.  While testifying, each witness shall have available a physical copy of any exhibit that he or she will be expected to use or examine during the trial.  Counsel is responsible for providing hard copies of exhibits that each witness will discuss to the witness before his or her testimony begins.  The witness shall not access any copy of an exhibit unless and until instructed to do so by the examining counsel. With regard to exhibits as to which admissibility is disputed, the Court will conduct proceedings outside the presence of the jury during which counsel may present arguments and, if necessary, voir dire witnesses, using the screen-sharing function in ZoomGov.com to display the exhibits at issue.  To the extent possible, the Court will rule on the admissibility of exhibits before a witness who is expected to use or examine such exhibits testifies.  Counsel are responsible for alerting the Court of potential issues sufficiently in advance to permit such rulings.

7.  Counsel may use exhibits for impeachment purposes only through the following method: Paper copies of exhibits intended solely for impeachment purposes shall be placed in a sealed envelope and delivered to the witness before trial.  The parties shall instruct the witness (1) to not open the envelope and (2) to have the sealed envelope readily accessible when testifying remotely through Zoom.  During trial, if examining counsel wants the witness to reference an exhibit for impeachment purposes, the witness shall be instructed to open the sealed envelope live on Zoom. The witness may then access the exhibits.

8.  Video depositions that are used as substantive evidence shall be broadcast by ZoomGov.com using the screen-sharing function.  If video depositions are uploaded to Box.com, the recordings will not be transferred to the "Admitted Exhibits" folder.  Transcripts of depositions used during the trial for impeachment or as substantive evidence need not be sealed prior to their use.  Counsel may either

show the portion of the transcript at issue to the witness using the screen-sharing function in ZoomGov.com or transmit the entire transcript to the witness by mail, email or otherwise in advance of his or her testimony. The court reporter will not take down deposition testimony that is read or played throughout the course of trial. Pursuant to local rules, counsel shall file a notice containing the portions of deposition testimony that are used. If exhibits mentioned in deposition testimony have not yet been admitted, counsel must seek admission in open court before playing the video, and counsel are responsible for screensharing through ZoomGov.com.

F.    **Jurors**

1.   The Court will not excuse jurors for lack of technology. The jury is chosen the same way as an in-person trial. The Court will provide jurors who lack sufficient technology the appropriate means of participating in jury selection and, if chosen, jury service. The Courtroom Deputy will send counsel a list of potential jurors after the final pretrial conference.

2.   The Court will allow the jury to take notes to help them remember the evidence.

3.   Using the "chat" function in ZoomGov.com, the jury will be allowed to propose written questions to witnesses after counsel have completed their questioning of each witness. Before the Court excuses a witness, it will offer the jury a chance to write questions in the "chat" feature in ZoomGov.com. The Court will review questions with counsel at sidebar to determine if they are legally proper, but will not identify the juror or jurors who have posed particular questions. If the Court allows the question (either verbatim or reworded), it may ask the question or allow counsel to do so. Counsel will be allowed to ask follow-up questions.

4.   Those exhibits received in evidence will be provided to the jury on the Box.com platform, and the jury will be able to view them in the virtual jury room. The Courtroom Deputy will show the jury how to use the Box.com platform and how

to locate and view the exhibits.  If a technical problem requires instruction during deliberations, the Courtroom Deputy may enter the virtual jury room to help with technology or, if assistance from the Special Master is required, for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the Courtroom Deputy or the Special Master is in the virtual jury room, the jury shall not deliberate.  No juror may say anything to the Courtroom Deputy or the Special Master other than to describe technical problems or to seek information about operation of the Box.com platform.

5. Jurors will participate in "tech checks" the Friday before trial begins.  Pursuant to local rules, the parties may be held responsible for any jury attendance fees that are incurred due to late notice of settlement.  To avoid incurring costs for jurors to appear for tech checks on Friday, April 30, 2021, the parties must inform the Court of any settlement **no later than 5:00 p.m. (CDT) on Thursday, April 29, 2021.** Any notice of settlement that occurs after 5:00 p.m. on Friday, April 30 and before the start of trial on Monday, May 3, 2021 may result in jury attendance fees being billed for Monday, May 3, 2021.

## G.   Professionalism During The Trial

1. **Ambient Noise Protocols**:

a.     All participants who are not actively being questioned as a witness, asking questions of a witness, defending a witness, or providing or responding to opening statements, closing arguments or other arguments, shall use the ZoomGov.com platform controls to mute their microphones and deactivate their video cameras.   The Special Master, who will "host" the ZoomGov.com sessions, will mute any participant who fails to follow this protocol.

b.     Participants using multiple devices in a single workspace to access the trial should avoid audio feedback issues by using the microphone and speakers

on only one device at a time, or by using headphones.

2. **Courtesy And Decorum**:  To the extent possible, remote trial participants should conduct themselves in the same way they would if they were physically present in a courtroom.  They should avoid interrupting someone who is speaking, except as necessary to raise an objection.  Virtual trial participants must silence electronic devices other than the devices necessary to their remote participation, close unnecessary computer programs or applications (such as email or calendar notifications) and remove or minimize anything in their remote workspace that might distract from the integrity of the proceedings.  The Court understands that conducting trial virtually, from one's home, for example, presents many challenges.  The Court asks all remote participants to do their best to maintain professionalism in order to conduct a fair and efficient trial.

3. **Objections**:  Counsel should raise a hand to signal an objection.  When an objection is made, the witness shall stop talking until the Court rules on the objection.  If the objection requires a discussion outside the presence of the jury, the jurors will be placed in the virtual jury room.

4. **Disconnection**:  In the event that the Court, a party, an attorney of record, a witness, a juror or anyone else necessary to the proceedings becomes disconnected from the remote trial, the trial will stop until the connection is reestablished.  If the non-juror participant has difficulty reconnecting, he or she should call or text the Special Master.  If a juror has difficulty, he or she will be instructed to call or text the Courtroom Deputy immediately.  In advance of calling a witness to the virtual stand, counsel must establish with the witness a protocol for contacting the witness in the event of disconnection and ensure that an alternative means of communication (e.g., a cellular phone) is operational.

5. **Appropriate Dress**:  Parties, witnesses and counsel shall dress in the same manner they would if they physically appeared in a courtroom.

6. **Screen Names**:   All remote participants shall use a screen name in the ZoomGov.com platform that indicates their actual first and last names and role in the trial proceedings.  Counsel shall also add an underscore to the beginning of their name.  This will group all attorney names together, facilitating faster transitions to the sidebar breakout room.  **As "host," the Special Master will only admit participants to the Zoom courtroom when they have implemented the proper naming conventions.**  Counsel shall ensure their witnesses are aware of the proper naming conventions.  The number of characters is limited, so the following naming convention is required:

- {First Initial}{Last Name} (Role),  **ex. J. Austen (Pla)**

- **Attorneys: {_}**{First Initial}{Last Name} (Role), **ex. _J. Austen (Def Aty)**

   a.      Abbreviations for Role:

     i.  **Pla** for Plaintiff

    ii.  **Def** for Defendant

   iii.  **Pla Rep** for Plaintiff's Representative

   iv.  **Def Rep** for Defendant's Representative

    v.  **Pla Aty** for Plaintiff's Attorney

   vi.  **Def Aty** for Defendant's Attorney

  vii.  **Pla Staff** for Plaintiff's Support Staff

 viii.  **Def Staff** for Defendant's Support Staff

   ix.  **Witn** for Witness

**IT IS SO ORDERED.**

Dated this 5th day of March, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-13-